Dear Attorney Esser,
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following question:
 Where a county vehicle has been damaged in a wreck and is a total loss, must a county follow the procedures for disposition of county property found in 19 O.S. 421.1 (1998), or may the county, pursuant to its insurance policy, settle the claim by transferring title to its insurance carrier?
¶ 1 Section 19 O.S. 421.1 of Title 19 provides the procedures by which a county may dispose of certain property. Subsection A of Section 421.1 allows a county to use tools, apparatus, machinery or equipment with an original cost exceeding two hundred fifty dollars ($250.00) as a trade-in on the cash purchase of other tools, apparatus, machinery or equipment. Subsection B provides the procedures for a sale of county property having an original cost exceeding two hundred fifty dollars ($250.00) and states:
 B. The following procedures shall be used for the sale, by the board of county commissioners, of any tools, apparatus, machinery or equipment, the original cost of which exceeded Two Hundred Fifty Dollars ($250.00), belonging to the county:
 1. The board of county commissioners shall give notice of such sale by publication in a newspaper of general paid circulation in the county for two (2) successive weekly issues;
 2. Bids for such tools, apparatus, machinery or equipment on sale shall be in writing, sealed and delivered to the county clerk of such county;
 3. At the next regular meeting of the board of county commissioners after the expiration of fifteen (15) days from the date of first publication of notice of the sale, the board of county commissioners shall open such bids and award such tools, apparatus, machinery or equipment to the highest and best bidder with the option of rejecting all bids; and
 4. The board of county commissioners may hold a public auction in lieu of advertising for sealed bids as provided above. Such auction shall be advertised as provided herein.
¶ 2 Section 19 O.S. 421.1 provides for a "sale" by the Board of County Commissioners either through a sealed bid procedure or, in lieu thereof, a public auction. As pointed out in Attorney General Opinion 97-105A, the law provides no other method by which a county may sell tools, apparatus, machinery or equipment. There is no provision for the disposition of damaged property. One of the powers granted counties is the authority to insure the county against any liability it may incur for damage to property, either real or personal. 51 O.S. 169(A)(1) (1991). You have asked this office to determine if county property may be transferred to an insurance carrier pursuant to an insurance policy or if the provisions of 19 O.S. 421.1 (1998) mandate the damaged property be sold.
¶ 3 In construing a statute, the cardinal rule is to ascertain the intent of the Legislature by construing the language of the statute as a whole in light of its general purpose. See Adams v.Fry, 230 P.2d 915, 917 (Okla. 1951). Further, the Legislature will not be presumed to have intended an absurd result, and statutory construction which would lead to an absurdity will be avoided if this can be done without violating the legislative intent. See Grand River Dam Authority v. State, 645 P.2d 1011,1019 (Okla. 1982). Keeping in mind the above rules of statutory construction, it is clear that the legislative intent enunciated in 19 O.S. 421.1 (1998) is that a county will receive full value when it sells its surplus property. The county is also authorized to use its property as a trade-in on the purchase of new equipment. This statute does not speak, however, to a situation where property has been totally destroyed and is covered by a policy of insurance. It would result in an absurdity for Section 19 O.S. 421.1, which is intended to apply to the sale of surplus county property, to force a county to follow the sale or trade-in procedures found therein prior to settlement of a legitimate insurance claim. It is a more logical construction to allow the county, as part of its authority to purchase liability insurance on its property, to use insured property consistent with its contractual obligations. Therefore, Section 421.1 should not apply to a transaction that is neither a trade-in nor sale such as a settlement pursuant to an insurance contract.
¶ 4 Such a construction does no violence to the purpose of Section 421.1 of Title 19. Section 421.1 is intended to insure that the county will, by following appropriate procedures, receive an adequate amount of money upon the sale of its surplus property. Where property has been destroyed, it would be illogical to mandate that the county follow the sale procedures instead of complying with its contractual obligations found in a lawful insurance policy.
¶ 5 It is, therefore, the Official Opinion of the AttorneyGeneral that:
 Where a county vehicle covered by a policy of insurance has been damaged in a wreck and is a total loss, the county is not required to follow the procedures for disposition of county property found in 19 O.S. 421.1 (1998), but may transfer title to the property to its insurance carrier.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSITANT ATTORNEY GENERAL